1  | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
2  | Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
3  | **WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
4  | Costa Mesa, California 92626
Telephone    714-966-1000
5  | Facsimile    714-966-1002

6  | Attorneys for Chapter 7 Trustee
Thomas H. Casey

7

8  | **UNITED STATES BANKRUPTCY COURT**

9  | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re | Case No. 8:17-bk-13482-TA

12 | CATHERINE M. HARETAKIS, | Chapter 7

13 | Debtor.

14 |

15 | THOMAS H. CASEY, Solely in his capacity as Chapter 7 Trustee , | Adv. No. 8:19-ap

16 | Plaintiff, | **COMPLAINT FOR:**

17 | v. | **1)  AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**

18 | ROBERT B. GRANT AND BETTY L. LOCKHART-GRANT, | **2)  AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**

19 | Defendants. | **3)  AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE § 3439.04(a)(1);**

20 | **4)  AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CAL. CIV. CODE § 3439.04(a)(2);**

21

22

23 | **5)  AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CAL. CIV. CODE § 3439.05; AND**

24

25 | **6)  RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 550 AND CAL. CIV. CODE § 3439.07**

26

27

28

1245271.2    1    COMPLAINT

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**TO DEFENDANTS AND THEIR COUNSEL, IF ANY:**

Plaintiff, Thomas H. Casey, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Catherine Haretakis ("Debtor"), for his claims for relief against defendants Robert Grant and Betty L. Lockhart-Grant (each a "Defendant" and collectively, the "Defendants"), alleges as follows:

STATEMENT OF JURISDICTION AND VENUE

1.      The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and 11 U.S.C. §§ 323, 544, 548, 550, and 551, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and California Civil Code section 3439 *et seq.* (the "California Uniform Voidable Transactions Act").  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).  Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court.  Defendants are hereby notified that Fed. R. Bankr. P. 7008 requires Defendants to plead whether consent is given to the entry of final orders and judgment by the Court.

2.      Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

3.      The claims asserted herein arise out of and relate to the bankruptcy case entitled *In re Catherine M. Haretakis*, a chapter 7 case bearing Case No. 8:17-bk-13482-TA ("Bankruptcy Case"), currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Bankruptcy Court") the Honorable Theodor C. Albert presiding.

PARTIES TO THE ACTION

4.      Plaintiff is the duly-appointed, qualified, and acting chapter 7 trustee of the Bankruptcy Estate.

5.      Plaintiff is informed, believes, and alleges that Defendants Robert B. Grant and Betty L. Lockhart-Grant (collectively "Grants") are individuals residing in Orange County, California.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**STATEMENT OF STANDING**

6.    Debtor filed her chapter 11 bankruptcy petition on August 30, 2017 ("Petition Date").  Upon the Debtor's motion, the case was converted to one under chapter 7 of the Bankruptcy Code on November 28, 2018.

7.    The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of the Estate on December 14, 2018.

8.    Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544, 548, 550, and 551.

**GENERAL ALLEGATIONS**

9.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 8, as though fully set forth herein.

10.    Plaintiff is informed, believes, and alleges that on September 13, 2017, the Debtor filed her bankruptcy schedules and statement of financial affairs.  In Schedule A, the Debtor listed an interest in the real property located at 2665 Orange Vale Lane, Riverside, California ("Riverside Property").

11.    Plaintiff is informed, believes, and alleges that in or about June 2006, the Debtor and her now-deceased husband ("Mr. and Mrs. Haretakis") borrowed $500,000 (the "Loan") from Pacific Western Bank ("PWB").  Plaintiff is further informed, believes, and alleges that Mr. and Mrs. Haretakis defaulted on the Loan on or about November 2010 and did not cure their defaults.

12.    Plaintiff is informed, believes, and alleges that on or about May 27, 2011, PWB filed a complaint against Mr. and Mrs. Haretakis for Breach of Promissory Note and Common Count in Orange County Superior Court, Case No. 30-2011-00478997.  Plaintiff is further informed, believes, and alleges that on or about August 12, 2012, PWB obtained a judgment against Mr. and Mrs. Haretakis in the principal amount of $474,593.91.  Plaintiff is further informed, believes, and alleges that the judgment remains unpaid.

13.    Plaintiff is informed, believes, and alleges that on or about June 21, 2011, Defendant, Robert Grant, a longtime friend and business associate of Mr. and Mrs.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Haretakis, who also acted as the accountant for their business, purchased real property

2  located at 36575 Calle Puerta Bonita, Temecula, California 92592 ("Temecula Property").

3      14.    Plaintiff is informed, believes, and alleges that concurrently with the

4  purchase of the Temecula Property, a Deed of Trust securing a loan in the amount of

5  $480,000 in Defendant's name was recorded against the Temecula Property.

6      15.    Plaintiff is informed, believes, and alleges that Mr. and Mrs. Haretakis paid

7  Defendants $140,000 toward the purchase of the Temecula Property and reimbursed

8  Defendants, on a monthly basis, for mortgage, insurance and tax payments he made

9  relating to the Temecula Property.

10      16.    Plaintiff is informed, believes, and alleges that on or about July 5, 2011, a

11  Grant Deed conveying the Temecula Property from Robert Grant to "Robert B. Grant and

12  Betty L. Grant, Husband and Wife as Community Property with Right of Survivorship" was

13  recorded.

14      17.    Plaintiff is informed, believes, and alleges that Defendants received no

15  return for the transaction with Mr. and Mrs. Haretakis.

16      18.    Plaintiff is informed, believes, and alleges that Defendants and Mr. and Mrs.

17  Haretakis entered into a Funding Agreement and Installment Land Sale Agreement with

18  respect to the Temecula Property that was never recorded.

19      19.    Plaintiff is informed, believes, and alleges that from June 2011 until

20  September 2016, Mr. and Mrs. Haretakis were the true owners of the Temecula Property.

21  The Debtor also testified that the Temecula Property was titled in the name of Defendants

22  in order to obtain financing in connection with its acquisition.

23      20.    Plaintiff is informed, believes, and alleges that on or about October 5, 2012,

24  PWB recorded an Abstract of Judgment in the Official Records of the County of Riverside

25  Assessor, County Clerk and Recorder as Instrument No. 2012-0477482.  Plaintiff is

26  further informed, believes, and alleges that PWB recorded an Amended Abstract of

27  Judgment on or about December 4, 2012 as Instrument No. 2012-0586389.  Because the

28

1  Temecula Property was in Defendants' names, PWB's abstracts did not reflect on title

2  records.

3      21.    Plaintiff is informed, believes, and alleges that on or about May 2, 2016,

4  Defendants recorded a Quitclaim Deed transferring the Temecula Property to Matthew

5  Haretakis ("Matthew"), the son of Mr. and Mrs. Haretakis.  The Quitclaim Deed included a

6  notation "*No transfer tax due. This conveyance is upon satisfaction of a debt is a

7  reconveyance of a mere security interest only to Grantee R&T § 11921."  Plaintiff is further

8  informed, believes, and alleges that Matthew owed no debt to Defendants, and the

9  transfer to Matthew was done pursuant to request of Mr. and Mrs. Haretakis.

10      22.    Plaintiff is informed, believes, and alleges that the Debtor continued to live at

11  the Temecula Property until it was sold in September 2016.

12      23.    Plaintiff is informed, believes, and alleges that the Temecula Property was

13  sold for $1,040,000 and there was a net distribution to Matthew of approximately

14  $520,000.

15      24.    Plaintiff is informed, believes, and alleges that of the proceeds of sale of the

16  Temecula Property, $211,500 was used to fund a down payment for the purchase of the

17  Riverside Property, which was purchased in Matthew's name.

18      25.    Plaintiff is informed, believes, and alleges that the sale proceeds were also

19  used for various other purposes, and the remaining balance of approximately $113,000

20  was paid by Matthew to the Debtor and deposited in the Debtor's DIP account after the

21  Petition Date.  Those funds have been turned over to Plaintiff.

22      26.    Plaintiff is informed, believes, and alleges that one day prior to the Petition

23  Date, Matthew transferred the Riverside Property to the Debtor.

24      27.    Plaintiff abandoned the Riverside Property by order entered on May 9, 2019.

25      28.    Plaintiff is informed, believes, and alleges that the Debtor had resided in the

26  Riverside Property since its purchase and as with the Temecula Property testified that she

27  was always the true owner of the Riverside Property and had paid mortgage, insurance

28  and tax payments relating to the Riverside Property.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    29.    Plaintiff is informed, believes, and alleges that on or about March 5, 2018, a

2  PWB filed a verified complaint against the Grants and Matthew alleging fraudulent transfer

3  claims pursuant to California Civil Code §§ 3439.04 and 3439.05, conspiracy to

4  fraudulently transfer property, and conversion, with the Orange County Superior Court,

5  Case No. 30-2018-00977446-CU-OR-CJC.

6                                    **FIRST CLAIM FOR RELIEF**

7         **(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A))**

8    30.    Plaintiff incorporates each and every allegation contained in paragraphs 1

9  through 29, inclusive, as though fully set forth herein.

10    31.    Plaintiff is informed, believes, and alleges that as the true owner of the

11  Temecula Property, the acquisition and transfer of the Temecula Property by Defendants

12  to Matthew was a transfer of an interest of the Debtor.

13    32.    Plaintiff is informed, believes, and alleges that the transfer of the Temecula

14  Property to Matthew was within 2 years before the Petition Date.  The transfer from

15  Defendants to Matthew was on or about May 2, 2016 and the Petition Date is August 30,

16  2017.

17    33.    Plaintiff is informed, believes, and alleges that the Transfer was made with

18  the actual intent to hinder, delay, or defraud Debtor's creditors, including PWB.  By

19  acquiring the Temecula Property in Defendants' name and transferring the Temecula

20  Property to Matthew, the Temecula Property was protected from claims of creditors and

21  avoided paying PWB's judgment as its amended abstract of judgment was not reflected

22  on any title reports.

23    34.    Plaintiff is informed, believes, and alleges that creditors existed at the time of

24  the transfer of the Temecula Property to Matthew that remain unpaid as of the Petition

25  Date, including PWB.

26    35.    By reason of the foregoing, the transfer from Defendants to Matthew is

27  avoidable under 11 U.S.C. § 548(a)(1)(A).

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))

36.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.    Plaintiff is informed, believes, and alleges that as the true owner of the Temecula Property, the acquisition and transfer of the Temecula Property by Defendants to Matthew was a transfer of an interest of the Debtor.

38.    Plaintiff is informed, believes, and alleges that the transfer of the Temecula Property to Matthew was within 2 years before the Petition Date.  The transfer from Defendants to Matthew was on or about May 2, 2016 and the Petition Date is August 30, 2017.

39.    Plaintiff is informed, believes, and alleges that Defendants did not receive reasonably equivalent value for the transfer of the Temecula Property.  Defendants received no return for the transaction with Mr. and Mrs. Haretakis or Matthew.  Mr. and Mrs. Haretakis paid all expenses related to the Temecula Property, no money was paid to Defendants when the Temecula Property was transferred to Matthew, and there was no extinguishment of a monetary obligation owed by Matthew or Mr. and Mrs. Haretakis to Defendants at the time of the transfer.

40.    Plaintiff is informed, believes, and alleges that at the time of the transfer, it was believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as the debts matured.

41.    Plaintiff is informed, believes, and alleges that Defendants did not make the transfer of the Temecula Property in good faith and Matthew did not take the Temecula Property in good faith.

42.    By reason of the foregoing, the transfer from Defendants to Matthew is avoidable under 11 U.S.C. § 548(a)(1)(B).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

**THIRD CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544**

**and Cal. Civ. Code § 3439.04(a)(1))**

43.  Plaintiff incorporates each and every allegation contained in paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.  Plaintiff is informed, believes, and alleges that as the true owner of the Temecula Property, the acquisition and transfer of the Temecula Property by Defendants to Matthew was a transfer made by the Debtor.

45.  Plaintiff is informed, believes, and alleges that at the time the Temecula Property was acquired and when it was transferred to Matthew, PWB held a claim against Mr. and Mrs. Haretakis.

46.  Plaintiff is informed, believes, and alleges that the Transfer was made with the actual intent to hinder, delay, or defraud Debtor's creditors, including PWB.  By acquiring the Temecula Property in Defendants' name and transferring the Temecula Property to Matthew, the Temecula Property was protected from claims of creditors and avoided paying PWB's judgment as its amended abstract of judgment was not reflected on any title reports.

47.  As to actual intent, the following factors should apply:

    a.  Defendants were personal friends with Mr. and Mrs. Haretakis and Defendant Robert Grant acted as an accountant for Mr. and Mrs. Haretakis' business;

    b.  Matthew is the son of Mr. and Mrs. Haretakis;

    c.  From the time the Temecula Property was acquired, Mr. and Mrs. Haretakis held themselves out to be the true owners of the Temecula Property;

    d.  Defendants were aware that PWB was owed money;

    e.  By the time of the transfer of the Temecula Property to Matthew, PWB held a judgment and had recorded an abstract of judgment;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1
2

     f.     Defendants received no consideration for acquiring the Temecula Property or transferring the Temecula Property to Matthew.

3
4

48.     Based upon the foregoing, the transfer from Defendants to Matthew is avoidable under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(1).

5

**<u>FOURTH CLAIM FOR RELIEF</u>**

6
7

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544
and Cal. Civ. Code § 3439.04(a)(2))**

8
9

49.     Plaintiff incorporates each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

10
11
12

50.     Plaintiff is informed, believes, and alleges that as the true owner of the Temecula Property, the acquisition and transfer of the Temecula Property by Defendants to Matthew was a transfer made by the Debtor.

13
14
15
16
17
18
19

51.     Plaintiff is informed, believes, and alleges that Defendants did not receive reasonably equivalent value for the transfer of the Temecula Property.  Defendants received no return for the transaction with Mr. and Mrs. Haretakis or Matthew.  Mr. and Mrs. Haretakis paid all expenses related to the Temecula Property, no money was paid to Defendants when the Temecula Property was transferred to Matthew, and there was no extinguishment of a monetary obligation owed by Matthew or Mr. and Mrs. Haretakis to Defendants at the time of the transfer.

20
21
22

52.     Plaintiff is informed, believes, and alleges that at the time of the transfer, it was believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as the debts matured.

23
24

53.     Based upon the foregoing, the transfer from Defendants to Matthew is avoidable under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2).

25  ///
26  ///
27  ///
28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**FIFTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544**

**and Cal. Civ. Code § 3439.05)**

54.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55.    Plaintiff is informed, believes, and alleges that Defendants did not receive reasonably equivalent value for the transfer of the Temecula Property.  Defendants received no return for the transaction with Mr. and Mrs. Haretakis or Matthew.  Mr. and Mrs. Haretakis paid all expenses related to the Temecula Property, no money was paid to Defendants when the Temecula Property was transferred to Matthew, and there was no extinguishment of a monetary obligation owed by Matthew or Mr. and Mrs. Haretakis to Defendants at the time of the transfer.

56.    Plaintiff is informed, believes, and alleges that PWB's claim arose before the transfer was made.

57.    Plaintiff is informed, believes, and alleges that Mr. and Mrs. Haretakis were insolvent at the time of, or rendered insolvent by, the transfer of the Temecula Property.

58.    Based upon the foregoing, the transfer from Defendants to Matthew is avoidable under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05.

**SIXTH CLAIM FOR RELIEF**

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550**

**and Cal. Civ. Code § 3439.07)**

59.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.    Plaintiff is entitled to avoid the transfer of the Temecula Property pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) and Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), and 3439.05.

61.    Plaintiff is entitled to recover from Defendants the value of the Temecula Property or such other amounts as to be proven at trial.

1245271.2

COMPLAINT

1    **WHEREFORE**, the Plaintiff requests that this Court enter a judgment in favor of

2   Plaintiff and against Defendants as follows:

3    ### On the First Claim for Relief

4    1.    Avoiding the fraudulent transfer and declaring that the fraudulent transfer be

5   annulled and rendered void as a fraudulent transfer and for recovery of the value of the

6   Transfer for the benefit of the Estate, and/or

7    2.    Awarding the Plaintiff a money judgment against the Defendants in the

8   amount of the fraudulent transfer.

9    ### On the Second Claim for Relief

10    3.    Avoiding the fraudulent transfer and declaring that the fraudulent transfer be

11   annulled and rendered void as a fraudulent transfer and for recovery of the value of the

12   Transfer for the benefit of the Estate, and/or

13    4.    Awarding the Plaintiff a money judgment against the Defendants in the

14   amount of the fraudulent transfer.

15    ### On the Third Claim for Relief

16    5.    Avoiding the fraudulent transfer and declaring that the fraudulent transfer be

17   annulled and rendered void as a fraudulent transfer and for recovery of the value of the

18   Transfer for the benefit of the Estate, and/or

19    6.    Awarding the Plaintiff a money judgment against the Defendants in the

20   amount of the fraudulent transfer.

21    ### On the Fourth Claim for Relief

22    7.    Avoiding the fraudulent transfer and declaring that the fraudulent transfer be

23   annulled and rendered void as a fraudulent transfer and for recovery of the value of the

24   Transfer for the benefit of the Estate, and/or

25    8.    Awarding the Plaintiff a money judgment against the Defendants in the

26   amount of the fraudulent transfer.

27

28

**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### On the Fifth Claim for Relief

9.     Avoiding the fraudulent transfer and declaring that the fraudulent transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate, and/or

10.     Awarding the Plaintiff a money judgment against the Defendants in the amount of the fraudulent transfer.

### On the Sixth Claim for Relief

11.     Awarding the Plaintiff a money judgment against the Defendants in the amount of the fraudulent transfer.

### On all Claims for Relief

12.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  November 27, 2019        WEILAND GOLDEN GOODRICH LLP

By:  */s/ Beth E. Gaschen*
BETH E. GASCHEN
Counsel for Chapter 7 Trustee,
Thomas H. Casey

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1245271.2                                    12                              COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br> Thomas H. Casey, Solely in his<br> capacity as Chapter 7 Trustee, | DEFENDANTS<br> Robert B. Grant and Betty L. Grant, |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Dr., Ste. 600, Costa Mesa, CA 92626<br>(714) 966-1000 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of Fraudulent Transfer pursuant to 11 U.S.C. Sections 548(a)(1) (A), (a)(1)(A), 544(b) and Cal. Civ. Code Sections 3439.04(a)(1)& (2), 343905, Recovery of Fraudulent Transfer Pursuant to Section 550 & Cal. Civ. Code 3439.07

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☒ 13-Recovery of money/property – §548 fraudulent transfer
☒ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation
          (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
          if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CATHERINE M. HARETAKIS | BANKRUPTCY CASE NO.<br>8:17-bk-13482-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Theodor C. Albert |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Beth E. Gaschen | |
| DATE<br>November 27, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Beth E. Gaschen |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Complaint for: 1) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A); 2) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B); 3) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a)(1); 4) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2); 5) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.05; and 6) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550 and Cal. Civ. Code § 3439.07
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 27, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 27, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 27, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/27/2019 | Victoria Rosales | *victoria* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Andrew K Alper    aalper@frandzel.com, rsantamaria@frandzel.com

Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net

Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com

Hal D Goldflam    hgoldflam@frandzel.com, bwilson@frandzel.com

Kenneth Hennesay    khennesay@allenmatkins.com, ncampos@allenmatkins.com

Garrick A Hollander    ghollander@wghlawyers.com,
pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com

Queenie K Ng    queenie.k.ng@usdoj.gov

Ryan S Robinson    caf_bankruptcy_department@carmax.com, caf_bankruptcy_notices@carmax.com

Donald W Sieveke    ibmoola@yahoo.com, dws4law@pacbell.net

Edward A Treder    cdcaecf@bdfgroup.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**